United States District Court
for the
Southern District of Florida

| Rebecca Wheeler, Plaintiff, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Civil Action No. 20-20859-Civ-Scola |
|  | ) |  |
| Carnival Corporation, Defendant. | ) |  |

### Order Requiring Amended Complaint

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by the Plaintiff Rebecca Wheeler when she slipped and fell while a passenger aboard a ship operated by the Defendant Carnival Corporation (Compl., ECF No. 1.) For the reasons set forth below, the Court **strikes** Wheeler's complaint and demand for jury trial.

1. **Shotgun Pleading**

In her complaint, Wheeler asserts three counts of negligence. Within her third negligence count, Wheeler alleges at least sixteen ways by which Carnival breached its duty of care to her. Many of these "breaches" raise distinct theories of liability, some of which are redundant. (*Compare, e.g., id.* at ¶ 26.c. ("Failure to adequately and regularly inspect the subject area for wet, dirty, and/or slippery conditions.") *with id.* at ¶26.d. ("Failure to adequately and regularly inspect the subject area for hazards.")).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The complaint here is this type of shotgun pleading.

Within the third "general negligence" count, Wheeler attempts to cram multiple, distinct theories of liability into one claim. (Compl. at ¶ 26.) Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.[1] *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases).

---

[1] For example, the facts supporting Wheeler's claim based on Carnival's failure to warn will most certainly be distinct from Wheeler's claim based on Carnival's failure to hire adequate staff monitor the floor.

### 2. Jury Trial Demand

Wheeler asserts that she is proceeding under diversity jurisdiction, but that "if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court." (ECF No. 1 at ¶ 3.) However, based on its jurisdictional allegations, the parties cannot proceed under diversity jurisdiction because the parties are not diverse since both the Plaintiff and Carnival are citizens of Florida. (ECF No. 1 at ¶¶ 1-2.) Nevertheless, Wheeler demands a trial by jury. The Plaintiff's demand for a jury trial is incompatible with a case proceeding solely under the Court's admiralty jurisdiction. *See Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."); *Barry v. Shell Oil Co.*, No. CIVA 13-6133, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014) ("As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court.").

### 3. Conclusion

Accordingly, the Court **strikes** Wheeler's complaint and demand for jury trial, (**ECF No. 1**), as a shotgun pleading. Wheeler may file an amended complaint by **March 13, 2020**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Wheeler must assert each theory of liability as a separate cause of action, being careful not to include redundant claim claims in her amended pleading.

Further, the Court notes that a case proceeding solely under the Court's admiralty jurisdiction is not entitled to a jury trial.

Wheeler is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on February 28, 2020.

Robert N. Scola, Jr.
United States District Judge